Wetzell *v.* Waters.

WETZELL, Defendant in Error, *vs.* WATERS *et al.*, Plaintiffs in Error.

1. In a suit for damages under the code, where the demand is not liquidated or the law does not fix the measure of damages, a writ of inquiry must be executed and the damages proved before final judgment upon a default; and it must appear from the record that there was an inquiry.

2. The defendant, in a suit brought by a public administrator, cannot require him to show that the facts exist which authorize him to administer.

3. The sureties in a bond of indemnity, given to a sheriff to procure the sale under execution of property belonging to a person other than the defendant in the execution, are liable as trespassers.

*Error to Dade Circuit Court.*

This was an action commenced by Wetzell, who was public administrator, and administrator of the estate of Thomas Bowles, deceased, to recover damages caused by the wrongful seizure and sale under execution of slaves belonging to the said estate. The petition stated that, on or about October 1, 1844, one Hudspeth, sheriff of Dade county, seized the slaves and was about to sell them under an execution in favor of T. & C. Waters against Robert M. Ward and Sally Bowles, when the plaintiff forbade the sale, claiming the slaves as belonging to the estate of his intestate, Thomas Bowles, deceased, whereupon said sheriff refused to sell the slaves unless he was indemnified therefor; that thereupon the defendants executed and delivered to the sheriff a bond of indemnity, in consequence of which he sold and delivered the slaves to the defendant, Waters, and one Caldwell, who had removed them beyond the limits of the state; and that the slaves belonged to the plaintiff as public administrator. There was an allegation of the value of each slave, and of the yearly value of their hire, amounting in the aggregrate to $3,150, for which amount the plaintiff claimed damages.

A judgment was rendered against the defendants upon failure to answer, of which the following was the entry upon the record :

" The said defendants, Wilson, Latham and Sanders failing to appear and answer the plaintiff's petition, and the said Waters having entered his appearance at the last term of this court by his attorney, and failing to answer or plead to said petition, judgment is rendered against defendants for want of an answer, and the said plaintiff not requiring a jury to assess his damages, the court does find that the said plaintiff have and recover from said defendants the sum of thirty-one hundred and fifty dollars for his damages sustained in consequence of the taking and detaining said negroes in plaintiff's petition mentioned.

It is therefore ordered, that the said plaintiff recover of and from the said defendants the said sum of thirty-one hundred and fifty dollars, assessed as aforesaid, together with his costs in this suit expended, and that he have execution therefor."

The defendants appealed to this court.

*F. P. Wright,* for appellant. 1. The petition is insufficient. It is not averred that the plaintiff is public administrator, although it is only as such that he claims the slaves. No contingency is set forth in the petition authorizing him, as public administrator, to take possession of the slaves. (R. C. 109, §8.) The petition does not state to what estate the slaves belonged. If this suit was upon the bond, as assumed by the court below, the petition was glaringly defective. *Wood* v. *Rainey,* 15 Mo. Rep. 484. 2. It was the duty of the court to have found the facts, upon the assessment of damages after default. 3. The obligors in an indemnifying bond do not, by the act of giving bond, make themselves liable as trespassers.

*P. R. Hayden,* for respondent. 1. The petition is sufficient. 2. The failure of the defendants to answer, was an admission of all the material allegations in the petition—an admission of the value of the slaves and of their hire, so that no inquiry was necessary. 3. The obligors in a bond given to induce the sheriff wrongfully to levy on property are liable as

26—VOL. XVIII.

trespassers. The judgment of the court below is substantially good, though somewhat informal. It shows that the court assessed the damages, a jury having been waived.

Scott, Judge, delivered the opinion of the court.

Considering the nature of this suit, it was a long time delayed. The wrong was in the nature of a trespass, and was committed in 1844, and suit was not brought until 1851 : the damages are enormous, and a very compendious mode of arriving at their amount was employed. These considerations, in the state of the record, cannot affect the validity of the judgment below, but they may give weight to other objections, and with them lead the mind to the conclusion that justice would be promoted by another trial of the cause.

1. It does not appear from the record, that the damages were assessed in a legal way. It seems that the court took it for law, that the damages claimed, as there was a judgment by default, should be the standard for the regulation of the amount of the plaintiff's recovery. The late practice act does not seem to have varied the measure of damages, in actions founded on wrongs causing injury, the extent of which can only be ascertained by the execution of a writ of inquiry. Where the demand is not liquidated, or where the law does not fix the measure of damages, a writ of inquiry must be executed by a court or a jury, and the damages sustained must be shown by proof. This, it appears, was not done. The entry is, "*that the court does find that the said plaintiff have and recover from the said defendants, the sum,*" &c., as if the damages sustained appeared of record, or as if their amount was a matter fixed by law. It is not maintained, that the entry of the execution of a writ of inquiry should contain the fact, that evidence was heard or witnesses were examined, but it should appear, that the damages were assessed before a judgment is rendered. Had the damages awarded been less than the sum claimed, it might be presumed that this was done. But as the record appears,

it would seem that the court took it for a matter of law that the damages claimed should be the measure of the plaintiff's recovery.

2. A public administrator is regarded like any other administrator in bringing suits. He need not show that the facts exist which authorize him to take on himself the burden of administration. None but an executor, or legally appointed administrator, can dispute his authority, except in cases in which the same thing might be done in relation to private administrators.

3. The sureties, in entering into the bond of indemnity, made themselves trespassers; by so doing, they placed themselves in the same position occupied by the principal in the bond.

Judge Ryland concurring, the judgment will be reversed and the cause remanded. Judge Gamble did not sit in the case.