JOHNSON v. GODLOVE, *Appellant.*

The record in this case shows with sufficient certainty that the court did not fail to make an assessment of damages before entering judgment.

*Appeal from Miller Circuit Court*—HON. G. W. MILLER, Judge.

AFFIRMED.

*Geo. T. White* for appellant.

*Moore & Williams* for respondent.

HOUGH, J.—This was a suit to recover of the defendant Godlove and one Daniel Cummings, a certain sum of money alleged by the plaintiff to have been paid by him, under execution, as surety for the defendants, on a certain note executed by them to the county of Miller. Judgment was rendered against both defendants, and Godlove has appealed. It is contended by the appellant that the record fails to show any assessment of damages, and that on the authority of *Wetzel v. Waters*, 18 Mo. 396, the judgment

should, therefore, be reversed. The defendant's attorney has evidently misapprehended the record upon this point. After reciting that the defendants were duly summoned, the failure of Cummings to plead and the default of Godlove, the judgment proceeds as follows: "Wherefore the plaintiff ought to recover against the said defendants by reason of the premises, and said cause being submitted to the court, the court does find the amount due the plaintiff by said defendants at the sum of $114.40 for his debt and damages, being the amount of principal and interest paid by plaintiff as security for defendants. It is, therefore, considered and adjudged by the court that plaintiff have and recover of said defendants the said sum of $114.40, together with his costs in this behalf expended, and have therefor execution." It sufficiently appears from this entry that the court proceeded regularly and in conformity to law. By failing to appear at the trial the appellant waived his right to a jury. R. S., § 3602. The judgment is affirmed. The other judges concur.