SNIDER v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAIL-
WAY COMPANY, *Appellant.*

73 465
36a 154
38a 529

73 465
54a 201

73 465
78a 668
80a 488

73 465
99a ³341

1. **Assessment of Damages in an Action of Tort**: RECORD EN-
TRIES. If it appears by the record in an action of tort that the
assessment of damages was not founded on evidence heard in the
case, the judgment will be reversed. Thus, where the recital in
the judgment entry was: "And the amount of plaintiff's demand
being ascertained by said account," (*i. e.*, by plaintiff's statement,)
"the court doth assess the amount due by defendant to plaintiff at
the sum," etc., and it did not appear by anything else in the record
that any evidence was heard to determine the amount of plaintiff's
recovery; *Held*, that the error was fatal. See *Boswell v. Railway
Co., post*, p. 470

2. **Railroad**: STATUTORY DUTY TO FENCE. The 43rd section of the
railroad law, as it has stood since the amendment of 1875, (Sess.
Acts, p. 131,) requires railroad companies to fence the sides of their
roads where they run through uninclosed lands, whether prairie or
timber, as well as where they pass through, along or adjoining in-
closed and cultivated fields.

3. ———: LIABILITY FOR FAILURE TO FENCE. If cattle come upon a
railroad track at a point where the track is required by law to be
fenced, but is not fenced, and in consequence of the want of a fence,
are killed, the railroad company will be liable; and this though the
killing occur at a point where the company is not required to fence.

*Appeal from Bollinger Circuit Court.*—HON. J. B. ROBINSON,
Judge.

REVERSED.

*Smith & Krauthoff* with *W. R. Donaldson* for appellant.

*Cahoon & Whybark* for respondent.

HENRY, J.—There is nothing in the transcript to show
that the bill of exceptions was ever filed, and, therefore,
we can consider no error not appearing in the record
proper.

The suit originated before a justice of the peace, and
was for double damages under the 43rd section of the rail-
road law, (Wag. Stat., 310, 311,) for killing three hogs, the

property of plaintiff, and the statement which appellant complains is insufficient to support the judgment, is as follows: " Plaintiff states that the defendant is a corporation duly organized and existing under the laws of the State of Missouri, under the name and style of the St. Louis, Iron Mountain & Southern Railway Company, and is the owner of that certain railroad which passes through the township of Lorance, in the county and State aforesaid, known as the St. Louis, Iron Mountain Railroad. Plaintiff further states, that defendant has wholly failed to ever construct and maintain lawful fences, or any fences at all, on the sides of its said railroad, where the same passes through, along or adjoining inclosed or cultivated fields or uninclosed lands, at a point on its said railroad between mile posts number 139 and 140, in said township, county and State; that, by reason of the said defendant failing to construct and maintain said fences along the sides of its said railroad at the place aforesaid, on or about the 7th day of July, 1877, one of his hogs of the value of $3, strayed upon said railroad, at the place aforesaid, and was then and there run over and killed by defendant's locomotive and cars, operated on said railroad by its agents, servants and employes; that afterward, on or about the 15th day of August, 1877, two of his hogs, one of the value of $3 and the other of the value of $10, strayed upon said railroad at the place aforesaid, and were, at said place, run over and killed by defendant's locomotives and cars operated on said railroad by its agents, servants and employes. Plaintiff states, that said point was not a public crossing on said railroad, nor a depot or switch thereof, nor the street of any village or town. Plaintiff, by reason of the acts of defendant as aforesaid, prays judgment for $32, being double damages given by the statute in such cases made and provided, and for costs of suit."

The judgment of the court was: "And now, at this day, come, etc., and this cause coming on for trial, the

Snider v. The St. Louis, Iron Mountain & Southern Railway Company.

1. ASSESSMENT OF DAMAGES IN AN ACTION OF TORT: record entries. same, all and singular, is submitted to the court for trial, and the court, after hearing all the evidence in the cause, and having fully considered the premises, finds that the said defendant is justly indebted to plaintiff on account of certain stock killed by said railroad company, belonging to said plaintiff, and the amount of plaintiff's demand being ascertained by said account, the court doth assess the amount due by the said defendant to the plaintiff at the sum of $12.      * *      It is by the court, therefore, considered and adjudged," etc.

By the law the issues joined were to be submitted to a jury, or, by agreement, to the court, and the amount of damages as well as any other issue, was to be found on testimony adduced at the trial. Neither court nor jury, without evidence on that issue, was authorized to find more than nominal damages, and it was a palpable error to ascertain the amount solely by reference to the statement filed, and as the court, by its judgment, expressly declares that the damages were so ascertained, we cannot presume, in favor of the judgment, that it was otherwise.

*Wetzell v. Waters*, 18 Mo. 396, was an action for damages by an administrator for the seizure and sale, by a sheriff under execution, of slaves belonging to intestate's estate. The suit was against the obligor in a bond of indemnity given to the sheriff. There was a judgment by default, of which the following was the entry upon the record: "The said defendants failing to appear and answer, etc.,      *      *      judgment is rendered against defendants for want of an answer, and the said plaintiff not requiring a jury to assess his damages, the court does find that the said plaintiff have and recover from said defendants the sum of $3,150 for his damages sustained, etc. It is, therefore, ordered." From this judgment defendants appealed, and this court reversed it, and Judge Scott, delivering the opinion of the court, said: "It does not appear from the record that the damages were assessed in a legal way.

It seems that the court took it for law that the damages claimed, as there was a judgment by default, should be the standard for the regulation of the amount of plaintiff's recovery. The late practice act does not seem to have varied the measure of damages in actions founded on wrongs causing injury the extent of which can only be ascertained by the execution of a writ of inquiry. Where the demand is not liquidated, or where the law does not fix the measure of damages, a writ of inquiry must be executed by a court or a jury, and the damages sustained must be shown by proof. This it appears was not done. The entry is that ' the court does find that the said plaintiff have and recover from the said defendants the sum,' etc., as if the damages sustained appeared of record, or as if the amount was a matter fixed by law. It is not maintained that the entry of the execution of a writ of inquiry should contain the fact that evidence was heard or witnesses were examined, but it should appear that the damages were assessed before a judgment is rendered. Had the damages awarded been less than the sum claimed, it might be presumed that this was done. But as the record appears, it would seem that the court took it for a matter of law that the damages claimed should be the measure of plaintiff's recovery."

If there had been nothing declared in the judgment as to the manner in which the court, in the case at bar, found the damages, we might presume in its favor that the proceedings were regular, and that there was evidence heard authorizing the finding, or if there were a bill of exceptions preserving the testimony, which contained evidence of the value of the stock killed, we might reject as surplusage that part of the judgment which presents the difficulty. But what purports to be a bill of exceptions, even if we could consider it, does not contain the evidence or any evidence in the cause, and we cannot reject as immaterial that portion of the entry, and assume as a fact the contrary of what the court has declared, with nothing

APRIL TERM, 1881.                    469

Snider v. The St. Louis, Iron Mountain & Southern Railway Company.

whatever in the transcript to show that the fact was not as solemnly declared by the court.

That the court found less than plaintiff claimed in his statement does not show that the court heard evidence with regard to the damages, and the expression of Judge Scott in *Wetzell v. Waters, supra,* that : " Had the damages awarded been less than the sum claimed, it might be presumed that it was done," (that is, that a writ of inquiry was executed,) might be accepted as a correct intimation of the law, but there the record was silent on the subject. It neither appeared that there was or was not a writ of inquiry, and perhaps the presumption might have been indulged as suggested in that case.   Here the record is not silent, but in the judgment it is solemnly declared that the damages were ascertained from the statement in the petition.

This suit was for stock killed in 1877.   The act of 1875 amended section 43 by striking out the word "prairie," 2. RAILROADS: statutory duty to fence. thereby requiring the railroad company to fence the sides of their roads where they ran through uninclosed lands, whether prairie or timber, as well as where they pass through, along or adjoining inclosed and cultivated fields.  The cases cited by appellant's counsel were decided upon the 43rd section before it was amended by the act of 1875.

The petition substantially alleges all the facts necessary to constitute a cause of action under the 43rd section. 3 ——: liability for failure to fence. It alleges that at the point where the stock strayed upon the track it was not fenced as required by said section, and that in consequence of such failure the stock were killed.   It does not negative the fact that the killing occurred at a point where the company was not required to fence, but this was unnecessary.   If they got upon the track at a place where the company was required but had failed to fence, and in consequence thereof were killed, it does not matter where the killing occurred.

*Cecil v. Pacific R. R. Co.*, 47 Mo. 249; *Witthouse v. Atlantic & Pacific R. R. Co.*, 64 Mo. 523.

For the error above noticed the judgment is reversed and the cause remanded. All concur except NORTON, J., who dissents.