SUPREME COURT OF MISSOURI,

Boswell v. The St. Louis, Iron Mountain & Southern Railway Company.

---

BOSWELL v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant*.

**Assessment of Damages in an Action of Tort:** RECORD ENTRIES. This case differs from the case of *Snider v. Railway Co. ante*, p. 465, in this, that a bill of exceptions in this case contained a statement that " the plaintiff introduced evidence tending to prove his claim for damages," and also a statement that " the court found the issues for the plaintiff." *Held*, that these recitals fairly construed, showed that the finding of the court as to the amount of recovery was based upon evidence heard in the cause. The judgment was, therefore, affirmed.

*Appeal from Bollinger Circuit Court.*—HON. J. B. ROBINSON, Judge.

AFFIRMED.

*Smith & Krauthoff* with *W. R. Donaldson* for appellant.

*Cahoon & Whybark* for respondent.

HENRY, J.—This record presents the same questions which were considered and determined in *Snider v. The St. Louis, Iron Mountain & Southern Ry. Co., ante*, p. 465, with this difference, that in this there was a bill of exceptions, in which, although the evidence is not preserved in full, it is stated that " the plaintiff introduced evidence tending to prove his claim for damages for killing the stock sued for," and that " the court found the issues for the plaintiff." Evidence tending to prove plaintiff's claim for damages would tend to prove the amount; for that was an impor-

tant element of his claim.   This is not a forced construction of the statement, in view of the commendable practice of abbreviating in bills of exception by stating, instead of inserting all the evidence, that it tended to prove certain facts.   Upon the whole record, one part of which imports the same absolute verity as another, then, there was no error, it appearing that the court heard evidence as to the amount of damages.   In other words, taking the whole record, we cannot say that no evidence was heard by the court, sitting as a jury, which authorized the finding on the question of damages.   And if the statement in the judgment is to be regarded as contradicting that in the bill of exceptions, then the record must be treated as silent on the subject to which the contradiction relates; for it cannot be said that the one rather than the other is true; and if the record is to be taken as silent on the subject to which the contradiction relates, then the judgment must stand. The judgment is affirmed.   All concur.