JONATHAN L. BEARDEN, Respondent, v. JOSIAH H. MILLER et al., Defendants; JOSIAH H. MILLER and ALMA B. MILLER, Appellants.

54 199<br>80 304

St. Louis Court of Appeals, May 2, 1893.

1. **Married Women**: VALIDITY OF PERSONAL JUDGMENT. Under our present statute a personal judgment against a married woman is valid, and one may therefore be rendered upon her admission of liability in an action against her.

2. ———: VALIDITY OF JUDGMENT OF MECHANICS' LIEN ENTERED BY CONSENT. But semble that she is not empowered to charge her real estate with a mechanic's lien by consenting to the entry of a judgment establishing the lien, and that such a judgment, entered by her consent and without proof of the existence of the lien, is therefore invalid.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*L. O. Neider* and *Robert G. Campbell*, for appellants.

No brief filed for respondent.

BIGGS, J.—This cause must be reviewed on the record proper, there being no bill of exceptions. The appellants challenge the sufficiency of the petition and the validity of the judgment.

The petition, although inartifically drawn, states a cause of action. The suit is to enforce a mechanic's lien for labor performed and materials furnished by the plaintiff in the construction of certain buildings erected on contiguous lots. It was alleged in the petition that the appellants were husband and wife, and that they were the owners of the property; that the materials were furnished and the labor performed by the plaintiff under one contract with them, and that the buildings were erected on contiguous lots. Then follows the usual averments of the filing of the mechanic's lien and the balance due thereunder, to-wit, $791.55. It was also averred that the Continental Building & Loan Association held a mortgage on the same property, which had been executed subsequently to the filing of the plaintiff's lien.

We think that all the facts necessary to a recovery were either expressly or impliedly stated in the petition. The objection that two separate causes of action were stated, one against the appellants and the other against the building and loan association, is not tenable, even if such an objection could now be urged. It was alleged that the defendant association was a subsequent incumbrancer, and it was made a party in order that it might be bound by the proceedings brought to enforce the plaintiff's lien.

The judgment of the court begins: "Now on this day come the said parties, plaintiff and defendants, by their respective attorneys; whereupon it is agreed by and between the parties plaintiff and defendants, Josiah F. Miller and Alma D. Miller, his wife, here in open court that judgment shall be rendered herein against said defendants in favor of said plaintiff for the sum of $410.99 as debt and damages; and, it appearing to the court," etc. The decree, continuing, finds all the facts necessary to establish a mechanic's

lien against both buildings, and judgment was rendered accordingly. It is contended that this judgment as against Mrs. Miller is absolutely void.

A judgment creates a debt, and under the common law could not be taken against, nor be confessed by, one who was not *sui juris*. Hence a personal judgment against a married woman, however taken, was void by reason of her common-law disabilities. But in this state her disabilities have been swept away by an innovating statute, which permits her to sue and be sued, contract and be contracted with, as if she were a *feme sole*. Revised Statutes, 1889, sec. 6864. Under this statute the confession by Mrs. Miller of the moneyed part of the judgment was clearly authorized. Whether the further judgment of the court enforcing the mechanic's lien against her real estate is valid, presents a more difficult question, for the reason that the law governing and limiting the right of a married woman to convey or charge her real estate is no way changed by the statute referred to. Therefore, if it appeared affirmatively that that portion of the judgment was rendered without evidence, we would be inclined to hold, under the authority of the case of *Coe* v. *Ritter*, 86 Mo. 277, that it was void as to the interest of Mrs. Miller in the property charged with the lien. But this is not so. It is fairly inferable from the wording of the decree that evidence was heard on this branch of the case. Besides all presumptions prevail in favor of the regularity and validity of the judgment. *Wetzell v. Waters*, 18 Mo. 396; *Johnson v. Godlove*, 71 Mo. 400; *Snider v. Railroad*, 73 Mo. 465; *Boswell v. Railroad*, 73 Mo. 470.

In conclusion it may be remarked that the confession of the judgment in this case must not be confounded with the statutory confession of a judgment

which is entered without action.    The authorities cited. by the appellants on this point are inapplicable.

With the concurrence of the other judges the judgment of the circuit court will be affirmed.    It is so ordered.