ADAM ROTH GROCERY COMPANY, Appellant, v. R. A. MAY, Administrator of Estate of A. C. LEWIS, Defendant; GEORGE ASHTON, Interpleader, Respondent.

St. Louis Court of Appeals, May 2, 1899.

**Verdict and Judgment:** SUFFICIENCY: PRACTICE. In the case at bar the present record may show sufficient facts to justify the judgment herein, but since the appellant has not seen fit to furnish the court with an abstract of the evidence, which is quite voluminous, the appellate court will not enter on a voyage of discovery by reading the entire record and will invoke the rule that all presumptions are to be indulged in favor of the regularity and validity of judgments of courts of general jurisdiction.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

J. W. REYNOLDS and PEARSON & PEARSON for appellant.

The finding and judgment are not responsive to the issues and is a nullity. Mills v. Thompson, 61 Mo. 415-417; Hewson v. Tootle, 72 Mo. 632; Nelson Distilling Co. v. Hubbard, 53 Mo. App. 23-28. An interplea is peculiarly a possessory action, the right of the present possession of the property being the principal question in controversy. Wells Replev., sec. 39. It involves the exclusive right of the claimant to the immediate possession of the chattel (or the proceeds arising from the sale thereof), and the fact of the wrongful detention thereof by the plaintiff as against the interpleader. The finding and judgment in this case is that interpleaders do not recover possession of such property, nor have the proceeds arising from the sale thereof, but is only for his cost, and is there-

fore void and of no effect. Spooner v. Ross, 23 Mo. App. 599-603; authorities cited above. The judgment in this case is only that interpleader recover "his costs and charges in this action laid out and expended, etc." And that the possession of the property, or the proceeds arising from the sale thereof, shall be kept *in custodia legis,* to await further adjudication and order of this court as to who is entitled to the absolute, exclusive possession of such property, or the proceeds from the sale thereof. There was abundant evidence that the object of the sale on the part of Lewis was to defraud his creditors, and as this testimony showed that the interpleader had not paid the purchase money and was abundantly protected for the amount he had paid at the time the goods were seized, the court committed manifest error in excluding the testimony and in giving the instruction. Dougherty v. Cooper, 77 Mo. 532. The purchaser at a fraudulent sale is only protected *pro tanto.* Dilworth v. McKelvy, 30 Mo. 150; Doutell v. Evans, 62 Mo. 382. This rule is applicable in actions of replevin. Delworth v. McKelvy, 30 Mo. 150; Dougherty v. Cooper, 77 Mo. 535. Interpleader's claim for goods in attachment suit is in the nature of an action of replevin engrafted upon an attachment proceedings. Burgert v. Borchert, 59 Mo. 80; Bradley-Hubbard Mfg. Co. v. Bean, 20 Mo. App. 111; McNichols v. Rubleman, 13 Mo. App. 515; Cheek v. Waldron, 39 Mo. App. 21; Arnholt v. Hartwig, 73 Mo. 485.

W. H. MORROW for respondent.

Appellant has failed to comply with section 2301, Revised Statutes, in that he has not filed a clear and concise statement of the case, as by law required, and has therein also failed to comply with rule 15 of this court. The judgment should be affirmed. Craig v. Scudder, 98 Mo. 664; Snyder v. Free, 102 Mo. 325; Jayne v. Wine, 98 Mo. 404; Cunningham v. Railway, 110 Mo. 208; Scott v. Howard, 41 Mo. App. 488; Mills

v. McDaniels, 59 Mo. App. 331; Liggett v. Johnson, 61 Mo. App. 200. It does not appear from the statement, brief and argument filed herein by appellant that the judgment is erroneous. All presumptions are indulged in favor of the action of the trial court. State v. Rogers, 36 Mo. 138; Walter v. Cathcart, 18 Mo. 256; State v. Donovan, 11 Mo. 636; Beardon v. Miller, 54 Mo. App. 179.

BIGGS, J.—This is the second appeal in this case (69 Mo. App. 463). The suit originated in the Louisiana court of common pleas. After the cause was remanded by this court, Lewis, the defendant in the attachment, died and R. A. May, the administrator of his estate, was substituted as defendant in the action. The venue was then changed to the circuit court of the county. The facts attending the litigation are fully stated in the former opinion. It is only necessary to restate that the Adam Roth Grocery Company sued Lewis by attachment. A few days before the attachment Lewis had transferred the possession of his stock of groceries to George Ashton. The latter claimed to have purchased the goods. A portion of the stock was seized under the writ of attachment. Ashton claimed the goods. On the first trial the judgment on Ashton's interplea was for the grocery company. On the second trial the circuit court peremptorily instructed the jury to find the issues for Ashton. Thereupon the jury returned the following verdict: "We the jury find in favor of the interpleader George Ashton." Upon the verdict the court entered the following judgment: "Now at this day comes the parties herein by their respective attorneys and the motion filed herein by the interpleader to have judgment entered in this cause, coming on to be heard and duly submitted, is by order of the court sustained. And in conformity with the verdict rendered in this cause by the jury on the seventeenth day of March, 1898, and during the regular February term, 1898, of this court. It is ordered

**JUDGMENT.**
and adjudged by the court that the interpleader George Ashton, have and recover of Adam Roth Grocery Company, plaintiff in the attachment suit, and the Addison Tinsley Tobacco Company, security on attachment bond, his cost and charges in this action laid out and expended, and may have execution therefor. It is further ordered and adjudged by the court upon the findings. herein made that the property sued for has heretofore been sold by order of the court and the proceeds thereof are now *in custodia legis.* That said proceeds be still held *in custodia legis,* subject to the further order of the court as the proceeds. of the sale of the property in controversy from A. C. Lewis, defendant in said attachment suit in which Adam Roth Grocery Company is plaintiff, as aforesaid, to said George Ashton, interpleader, and for which said Ashton was garnished as the debtor of said A. C. Lewis." From that judgment the grocery company has prosecuted the present appeal.

Under the abstracts we can only consider the sufficiency of the verdict and the judgment. We understand counsel to raise no other questions. The contention that the verdict is not responsive to the issues must be overruled. The verdict was well enough. (Nelson Distilling Co. v. Hubbard, 53 Mo. App. 23.) The rulings of the supreme court in Mills v. Thompson, 61 Mo. 415, and Hewson v. Tootle, 72 Mo. 632, do not apply because the verdicts in those cases, which the court condemned, were for money. Concerning the judgment we have more difficulty. It is certainly an unusual one. We can, however, imagine a state of facts which might justify it, and the present record may show such facts; but we are not inclined to enter on a voyage of discovery by reading the record, which is quite voluminous, since the appellant has not seen proper to furnish us with an abstract of the evidence. Under such circumstances we are justified to invoke the rule that all presumptions are to be indulged in favor of the regularity and validity of judgments of courts of general jurisdic-

tion.    State v. Rodgers, 36 Mo. 133; Beardon v. Miller, 54
Mo. App. 199.    Besides the appellant has no interest in the
judgment.    The respondent alone is prejudiced by the action
of the court in retaining the custody of the money.    With the
concurrence of the other judges the judgment of the circuit
court will be affirmed.    It is so ordered.