WILKERSON, Respondent, v. ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 12, 1904.

1. **RAILROADS:** Fences and Cattle Guards. In an action against a railroad company, under section 1105, Revised Statutes 1899, to recover double damages for failure to construct and maintain fences and cattle guards, it was a matter of defense, for the defendant to plead and prove, that it had not had a reasonable time, from the commencement of its construction work, in which to construct the fences and guards; it was not for the plaintiff to negative such defense in making out his case.

2. **PRACTICE:** Self-Invited Error. A party can not complain of error in giving an instruction which there was no evidence to support, when it was given at his own instance.

Appeal from New Madrid Circuit Court.—*Hon. H. C. Riley*, Judge.

AFFIRMED, *si.*

*Moses Whybark* and *M. A. Dempsey* for appellant.

(1) The statute relied upon is penal and the burden lay upon the plaintiff to bring himself clearly within the statute, both as to his cause of action and the amount of damages for which he claimed a penalty. Nanz v. Railroad, 87 Mo. 280; Fusz v. Spaunhorst, 67 Mo. 256. (2) The duty to fence under a penalty of double damages does not begin immediately upon the opening of the fields for the work of constructing the railroad; and the defendant was entitled to a reasonable time in which to fence the right-of-way, and it was incumbent upon the plaintiff to show affirmatively facts from which the jury might determine what damage was incurred before and after its lapse. Kreitzer v. Woodson, 19 Mo. 327; Howell v. Stuart, 54 Mo. 400.

*J. V. Conran* for respondent.

Reasonable time to be available as a defense in this case must have been specially pleaded and proven by the appellant. The court has instructed on this theory at instance of both parties, and in no event can appellant be heard to complain. Silver v. Railway, 78 Mo. 528; Stanley v. Railroad, 84 Mo. 623; Gordon v. Railroad, 44 Mo. App. 209.

REYBURN, J.—This is an action to recover the penalty of double the damages suffered, under the provisions of section 1105, Revised Statutes 1899. The petition contained appropriate averments of possession of land identified by description, and that at points where defendant's road passed in and out of such land, the premises being cultivated fields of growing cotton and corn, were protected by sufficient fences; that the servants of defendant at such points, where defendant by law was required to construct and maintain cattle guards and lawful fences along the sides of its road, threw down plaintiff's fences, opened up the fields admitting live stock therein which injured his crops, and judgment for $1,000, double the damages sustained was prayed.

The answer was a general denial, except as to corporate existence of defendant.

The testimony offered by plaintiff tended to establish the allegations of his complaint, the defendant offering no testimony, and the jury under the instructions of the court returned a verdict for $500 damages, which on motion were doubled, and judgment for $1,000 rendered. The appellant submits that its duty to fence under the statutory penal liability of double the damages resulting, did not attach forthwith upon the exposing of plaintiff's field in the construction of its railroad, but that it was entitled to a reasonable period within which to protect its right-of-way in obedience to the statute.

The defense that sufficient time had not elapsed from the commencement of its construction work to afford it reasonable opportunity with due diligence to guard the adjoining fields against the inroads of vagrant stock was not pleaded by defendant. No unbending construction of the statute from its penal character, however rigidly and however closely the language be restricted to its necessary meaning, can render it incumbent on plaintiff, either by allegations or testimony to anticipate and negative such affirmative defense, but it devolved on defendant to both plead and establish by proper proof such facts if relied on in its exoneration.

The Supreme Court has held, in the case of Silver v. Railroad, 78 Mo. 528, that the period at which the penal liability for double damages would attach under this statute, in the construction of a railroad could not be fixed with exactness, but must necessarily vary with the circumstances attending each particular case, but that the obvious and rational rule was, that at any given point when in building its track the railroad necessitated a fence, the liability under the statute for failure to construct one would ensue after a reasonable time had elapsed within which one might be built.

In the utter absence of any testimony whatever, at defendant's instance, the court here instructed the jury that it was entitled by law to a reasonable time within which to build fences as required by law, and if the damages occurred before the lapse of such reasonable time the issues should be found for defendant and therefore such error, if any, was not to be complained of by defendant. The evidence was meagre and unsatisfactory, the only testimony respecting the extent of injuries inflicted being given by plaintiff, who testified that he supposed eight or nine hundred bushels of corn, worth about fifty cents per bushel, were destroyed; that he supposed it was worth two cents per bushel to gather it, and he finally conceded that such estimate of eight or nine hundred bushels was a guess, but he was satisfied

the amount was not less than eight hundred bushels, the amount at which he had theretofore estimated his loss in a statement rendered to defendant. On this basis of this his own claim to defendant, his loss would have been but $384, warranting a judgment for $768, while the judgment, even as reduced by remittitur was $864, and therefore remained excessive in sum of $96, which if duly remitted in this court within ten days from announcement of this decision herein, the judgment will be affirmed, otherwise the judgment is ordered reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.