BRANNOCK, Respondent, v. ST. LOUIS, MEMPHIS
& SOUTHEASTERN RAILWAY COMPANY,
Appellant.

**St. Louis Court of Appeals, April 26, 1904.**

Under section 1105, Revised Statutes of 1899, where a railroad com-
pany, for the purpose of entering upon its right-of-way, opened
a fence which inclosed together fields rented to different ten-
ants, it was liable for double damages caused by cattle passing
through the opening and trampling down the crops of the ten-
ant on that portion of the land through which the right-of-way
did not run.

Appeal from New Madrid Circuit Court.—*Hon. H. C.
Riley,* Judge.

AFFIRMED.

*Moses Whybark* and *M. A. Dempsey* for appellant.

(1) The statute relied upon is penal and the burden
lay upon the plaintiff to bring himself clearly within
the statute, both as to his cause of action and the amount
of damages for which he claimed a penalty. Nanz v.
Railroad, 87 Mo. 280; Fusz v. Spaunhorst, 67 Mo. 256;
Kreitzer v. Woodson, 19 Mo. 327; Howell v. Stuart, 54
Mo. 400. (2) Section 1105, art. 2, ch. 12, requires a
railroad to fence the right-of-way "where the same
passes through, along or adjoining enclosed or culti-
vated fields or uninclosed lands." The statute is for the
benefit of the adjoining owner and not for the benefit
of strangers or owners of land not adjoining the right-
of-way. Berry v. Railroad, 65 Mo. 175; Harrison v.
Railroad, 71 Mo. 384; Peddicord v. Railroad, 85 Mo.
160; Busby v. Railroad, 81 Mo. 43; Ferris v. Railroad,
30 Mo. App. 122; Ackley v. Railroad, 30 Mo. App. 657;
Carpenter v. Railroad, 25 Mo. App. 110.

*J. V. Conran* for respondent.

If the company, appellant herein, failed to maintain a proper fence along its right-of-way where it passes through the land of an adjoining proprietor they omit to do so at their peril, if the field be not enclosed with a lawful fence and cattle get into the field and from the field go upon the road and are killed by a passing train. R. S. 1899, sec. 1105; Berry v. Railroad, 65 Mo. 175; Emerson v. Railroad, 35 Mo. App. 629; Duke v. Railroad, 39 Mo. App. 107; Dean v. Railroad, 54 Mo. App. 650.

BLAND, P. J.—One Lewis owned a tract of cultivated land in New Madrid county, Missouri, inclosed by one fence. A part of the field was rented by Lewis to Wilkerson and the remainder to plaintiff for the year 1902. The defendant acquired a right-of-way for the construction and operation of its railroad over the part of the field occupied by Wilkerson and opened the fence for the purpose of entering upon its right-of-way to construct its railroad. Through the openings made in the fence, cattle and mules entered upon the field, passed onto the premises occupied by plaintiff and trampled down and otherwise injured his crop of corn and cotton growing thereon. A two-wire fence had been erected between the portion of the premises occupied by Wilkerson and plaintiff but it was in a bad state of repair and wholly insufficient to turn stock. There is no evidence that plaintiff was required to keep up this fence or that it was ever sufficient to turn stock. The suit was to recover double the damages caused to plaintiff's crops by the cattle and mules entering thereon through the openings made in the fence by the defendant. The issues were submitted to the court sitting as a jury who found for plaintiff and assessed his actual damage at forty dollars and rendered judgment for double that sum. Defendant appealed.

Before the suit was commenced, plaintiff and defendant, in consideration of one dollar paid plaintiff by defendant, agreed that the actual damage caused to plaintiff's crop was forty dollars, and agreed that if the defendant should be held legally liable the actual damages should be assessed at that sum.

No declarations of law were asked by or given for plaintiff. Those asked by the defendant were refused.

The defendant's contention at the trial, and here, is that it did not enter upon the plaintiff's premises nor open that part of the fence immediately on them, and for this reason it is not liable. The evidence shows that the protection of plaintiff's crop was as much dependent upon the fence where opened as upon that part of the fence on and about his premises. He occupied a portion of a field, inclosed by one fence, all owned by one and the same person and was entitled to the protection which the fence afforded to his crops. The opening of the fence at any point exposed his crops and was a violation of his rights for which the wrongdoers should respond in damages caused thereby. To double the damages, the court called into requisition section 1105, R. S. 1899, making every railroad corporation liable for double damages which shall neglect to erect and maintain a lawful fence along its right-of-way, etc.

In Silver v. Railroad, 78 Mo. 528, it was said: "The primary object of this statute is to prevent the killing of stock and their trespasses upon adjoining fields; and when the necessity for such protection to the owners of land and stock begins, then the obligation to fence attaches." We think, under the evidence, plaintiff was an occupier of the adjoining land within the spirit and intent of the statute and that a railroad fence was necessary to protect plaintiff's crops after the opening of the fence by the defendant; hence we think the trial court was warranted in rendering judgment for double the actual damages. The judgment was for eighty dollars. To correct the error in not de-

ducting the one dollar paid plaintiff by defendant, plaintiff voluntarily remits in this court two dollars of his judgment. The judgment is therefore affirmed for seventy-eight dollars. *Reyburn* and *Goode, JJ.*, concur.