KIRKPATRICK, etc., Respondent, v. ILLINOIS SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, October 16, 1906.

1. RAILROADS: Fencing Right of Way: Point at Which Animals Enter Upon Track. In an action against a railroad company for damages to stock, inflicted because of its failure to fence its right of way, the liability or non-liability of the defendant is determined by the condition of the fence at the point the stock entered upon the right of way and not at the point where the actual collision occurred.

2. ————: ————: Pleading: Variance. Where cattle, confined in plaintiff's pasture through which a railroad ran with an unfenced right of way, got upon the right of way and passed across a point where the defendant should have constructed a cattle guard and were killed, in an action for damages, where

the petition alleged negligence in failing to fence the right of way, there was no variance between the pleading and the proof.

3. ——————: ——————: Contributory Negligence. Where the owner of hogs turned them into his pasture and they escaped into his adjoining field, through the failure of the railroad company to fence its right of way, and injured his crops, he could maintain an action for damages caused to the crops by reason of the railroad company's failure to fence its right of way, and was not guilty of contributory negligence which would defeat a recovery in turning his hogs in the pasture with knowledge that they could escape.

Appeal from St. Francois Circuit Court.—*Hon. Robt. A. Anthony,* Judge.

AFFIRMED.

*W. S. Anthony* for appellant.

The demurrer to the testimony as to the second count should have been sustained, because the plaintiff's own testimony showed that he and his agent, with his son saw the cattle and hogs wander upon their premises and knew that said cattle and hogs were their own and deliberately day after day saw them destroying their crops, without attempting to prevent the alleged destruction, when they could easily have done so. Plaintiff should now be estopped to claim any damages. Milburn v. Railroad, 86 Mo. 104; Lawrence v. Railroad, 42 Wis. 322; Clark v. Railroad, 11 Barb. 112.

*D. L. Rivers* for respondent.

(1) The testimony of Charles Kirkpatrick shows that the cattle mentioned in the first count of plaintiff's petition were kept in plaintiff's pasture; that the defendant's railroad ran through this pasture; that there were no fences along the sides of the railroad where it ran through defendant's pasture; that the cattle came

upon the railroad on said pasture where there were no fences, and were struck some half mile north thereof on the railroad. It is the point of entrance upon the railroad that fixes the liability. Snider v. Railroad, 73 Mo. 465. In this State owners of stock are not required to keep them up to restrain them from going about railroad tracks. Gorman v. Railroad, 26 Mo. 441; Busby v. Railroad, 81 Mo. 43; Davis v. Railroad, 19 Mo. 425; Turner v. Railroad, 78 Mo. 580. (2) Defendant's demurrer to the testimony as to the second count was properly overruled. Rogers v. Powell, 75 Mo. App. 271; Gaines v. Fenter, 82 Mo. 497; Hamilton v. Boggess, 63 Mo. 233; Swayze v. Bride, 34 Mo. App. 414.

STATEMENT.—Plaintiff, as executor of the estate of Noah M. Kirkpatrick, deceased, instituted this suit to recover for the estate the value of certain cattle owned by his testator and killed and injured by defendant railroad company as well as for damages to certain corn and wheat caused by stock entering his field by reason of defendant's failure to erect and maintain right of way fences along the sides of its railroad. The petition is in two counts predicated upon section 1105, R. S. 1899, requiring railroad companies to construct and maintain fences along the sides of their right of way under penalty of double damages for default therein.

The cause of action set out in the first count is, in substance, that five head of cattle owned by plaintiff's testator, strayed upon defendant's track December 19, 1903, by reason of its failure to construct and maintain fences on the sides of its right of way as required by said section; that four of said cattle were killed and one severely injured by a locomotive engine of the defendant company operated on said railroad to the damage of plaintiff's testator in the sum of $140, and prayed double damages therefor.

The second count was predicated upon that clause of the statute mentioned, declaring railroad companies

liable in double the damages accrued, "by reason of any horses, cattle, mules or other animals escaping from or going upon said lands, fields or inclosures occasioned . . . by the failure to construct or maintain said fences or cattle guards." It is substantially alleged therein that in January, 1904, plaintiff's testator owned a certain farm through which defendant's railroad passed adjacent to certain pastures and cultivated fields; that defendant failed to construct and maintain fences and cattle guards along its right of way sufficient to prevent horses, mules and other animals escaping from said railroad or going upon said fields; that by reason of such negligence on defendant's part, certain animals escaped from said railroad upon the lands and fields mentioned and destroyed eighty bushels of corn, valued at $40, and twelve bushels of wheat, valued at $10, and prayed double damages therefor.

The case was tried by the circuit court without a jury. The evidence introduced under the first count tended to prove that the deceased owned a farm, a portion of which was pasture lands; that the defendant constructed its railroad through the farm and pasture, but wholly failed to construct either fences along the sides of its right of way or cattle-guards on its track and wing-fences thereto as were required; and that by reason of the failure of the defendant to erect the fences required by law, five head of cattle owned by the deceased came upon the defendant's right of way from the pasture and wandered along the railroad track about one-half mile north of the point of entry thereon, crossing over a place on the track where the defendant was required by law to construct a cattle-guard but had failed to do so, and north of and beyond this cattle-guard point they were run upon by a locomotive engine operated by the defendant, as a result of which four of said cattle were killed and one was severely injured.

In support of the second count, the evidence tended

to show that certain hogs belonging to the plaintiff's testator and in his pasture came upon the defendant's right of way by reason of its failure to construct such fences from the railroad right of way and passed into plaintiff's adjacent field, in the month of January, where he had certain standing ungathered corn and a stack of unthreshed wheat, destroying a portion thereof.

The circuit court found the issues for the plaintiff on both counts, and assessed the damages at the sum of $120 on the first count and $12.50 on the second count, which was doubled under the statute and judgment was entered against the defendant and in favor of the plaintiff for $265. Defendant appeals. Other material facts will appear in the opinion.

NORTONI, J. (after stating the facts)—It is insisted by appellant that inasmuch as the first count of the petition, that pertaining to the loss of the cattle, counts upon the failure of the railroad to erect and maintain fences only, as its specification of negligence, the plaintiff cannot recover for the reason that there is a variance between the pleadings and proof, as it maintains the cattle came to the place of collision over a point on the railroad tracks where it should have maintained a cattle-guard and by reason of its failure to maintain such cattle-guard. The argument is to the effect that the cattle having passed over such point where there was no cattle-guard, no recovery can be allowed upon the pleadings in that the specification of negligence therein is the failure to construct fences and for this reason there is a fatal variance. It is true the petition in the first count does allege a failure to construct and maintain fences. It is urged that as the cattle passed over the point where the cattle-guard should have been erected and came to their injury and death thereafter, the failure to construct the cattle-guard and not the failure to construct the fences is the negligence upon which plaintiff must rely for re-

covery. It is not necessary to pass upon the question as to whether such would constitute a fatal variance, for the evidence tends to show that the cattle were at pasture in the inclosure of plaintiff's testator through which inclosure the railroad passes and along the sides of which no right of way fence had been constructed as required by the statute; that they came upon the right of way from this pasture by reason of defendant's failure to erect the fence required by law. It is well settled in the jurisprudence of this State that it is the point at which the cattle enter upon the right of way of the railroad which determines the liability or non-liability of defendant in these cases (Snider v. Railway, 73 Mo. 465; Acord v. Railway, 113 Mo. App. 84-98, 87 S. W. 537), not the point at which the actual collision occurred. It is wholly immaterial that after going upon the right of way at a point which would affix liability against the railroad, the cattle afterwards, in their wanderings, passed a half-mile north on the track and over a point where a cattle-guard should have been constructed. The proximate cause of the injury was the failure to maintain a fence which would confine the cattle in the pasture and preclude them in the first instance from entering upon the right of way and not the failure to maintain the cattle-guard mentioned. There is no variance between the pleadings and proof. On the contrary, the pleader was precise in counting upon the failure to fence.

2. The evidence shows that the corn and wheat mentioned in the second count were damaged by hogs owned by the plaintiff's testator; that said hogs passed from the pasture onto defendant's right of way and escaped from the right of way into the field where the ungathered corn was standing and the unthreshed wheat was in the stack; that the escape of the hogs into the field was by reason of defendant's failure to construct and maintain fences along its right of way as required

by the statute; that said hogs were found in said field on several occasions by plaintiff's testator and each time returned by him to the pasture mentioned. Upon this state of facts, it is argued by the defendant that this item of damage accrued to the plaintiff's testator by reason of his negligence which directly contributed to the injury complained of. The point is made that the plaintiff's testator was negligent in repeatedly turning the hogs into the pasture when he knew it was possible for them to escape upon the right of way and from the right of way into his field. The case of Milburn v. Railroad, 86 Mo. 104, is cited and relied upon to support this proposition. In that case, which was one of common law negligence for killing two cows upon a public crossing at different times, the plaintiff and his son testified that they were near by, about two hundred yards distant, and saw the cows standing upon the crossing for about one-half an hour prior to their being killed by the regular passenger train. It was shown that the plaintiff knew the train was due. In view of the facts that the plaintiff permitted the cows to stand for one-half an hour upon the track at a crossing when he had every reason to expect the approach of the regular passenger train, without endeavoring to avert the injury by driving them therefrom, the court held that his negligence was such as to preclude a recovery. We do not understand that case to be in point here. That was an action for common law negligence where each, the plaintiff and the defendant, owed to the other the correlative obligation to exercise ordinary care to avert the injury, whereas this case is one involving different obligations between the parties. Here the plaintiff's deceased had the undoubted right to turn his hogs into his pasture and thus enjoy his premises and the defendant owed to him the positive statutory duty of constructing and maintaining a fence along the right of way sufficient to prevent such hogs from passing either upon the

track or from the track to his fields. If the law were otherwise, the plaintiff's deceased would be practically precluded from occupying his pasture and premises by defendant's failure to erect a fence, at the peril of losing his animals without compensation. The statute imposes upon the railroad company the obligation both to construct and maintain fences along the sides of its right of way sufficient to prevent animals from adjacent pastures going upon the railroad and escaping therefrom into other adjacent fields. This is a positive statutory duty of the defendant. [Davis v. Railroad, 19 Mo. App. 425.] Whereas the owner of the animals in the adjacent pastures and fields has the undoubted right to occupy and enjoy his own premises and is not required to restrain his animals from going upon or about the railroad. This is its duty, not his. [Davis v. Railroad, 19 Mo. App. 425; Gorman v. Railroad, 26 Mo. 441; Turner v. Railroad, 78 Mo. 578-580; Busby v. Railroad, 81 Mo. 43.] The owner of the adjacent lands has the right to occupy his premises, relying upon the railroad to either perform its duty as to fences or suffer the penalties resulting from a violation in that behalf. It is shown in the evidence that the plaintiff's deceased drove the hogs out of the field as often as they were discovered therein and thus prevented the doing of much damage by them which otherwise no doubt would have resulted to him, and this was certainly exercising all of the care on his part that the law would require.

The judgment is for the right party, and it will be affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.