MARION, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY et al., Appellants.

**St. Louis Court of Appeals, September 23, 1907.**

1. **RAILROADS: Fences: Pleading.** In an action against a railroad company for damages caused by the defendant's violation of section 1105, a petition is sufficient if it substantially follows the language of the statute, stating the duty imposed on the defendant and the several elements of neglect on its part as the cause of the damage, although there are no allegations which define what is a lawful fence or set forth the particulars necessary to constitute a lawful fence within the meaning of the statute relating to fences.

2. **PRACTICE: Instruction: Failure to Instruct.** It is not reversible error for the trial court to refuse to give instructions on behalf of plaintiff in an action for damages or require the plaintiff to offer instructions on his own behalf.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*L. F. Parker* and *Moses Whybark* for appellants.

(1) This suit was brought in the circuit court, and not before a justice of the peace, under the double damage statute, which is a penal statute. R. S. 1899, sec. 1105; Barnett v. Railroad, 68 Mo. 56. The statute defines what a lawful fence shall be. R. S. 1899, sec. 3295. In a case of this nature it has been held that the court should instruct the jury, and not leave them to grope their way unaided through the testimony in order to determine what they should take into consideration in making up their verdict. (2) But in the case at bar the plaintiff refused to offer any instructions on a penal statute, which, in its nature, is criminal, and the court sustained him in that conduct; and then the court refused to instruct the jury, although requested to do so by the defendant. This, we submit, is not law. Bindbeutal v. Transit Co., 43 Mo. App. 463; Mitchell v. Bradstreet Co., 116 Mo. 226; Coleman v. Drane, 116 Mo. 387; Nolan v. Johns, 126 Mo. 159; Browning v. Railroad, 124 Mo. 55; Boettger v. Iron Co., 124 Mo. 87; Tetherow v. Railroad, 98 Mo. 74.

*J. V. Conran* for respondent.

(1) The petition in this case has been before the courts of this State, in present form, a great many times and this particular court has seen it recently. Phillips v. Railroad, 107 Mo. App. 203; Wilkerson v. Railroad, 106 Mo. App. 336; Brannock v. Railroad, 106 Mo. App. 379. (2) No objection was made to the petition in the court below, by demurrer, or by motion in arrest; the objection appears only in motion for a new trial. Under these circumstances if the petition states a cause of action at all it must be held good. Paddock v. Somes, 102 Mo. 226; Thompson v. School District, 71 Mo. 495; Grove v. Kansas City, 75 Mo. 672; R. S. 1899, sec. 672.

NORTONI, J.—Plaintiff recovered in the circuit court and defendant appeals. The petition is in three counts, under section 1105, Revised Statutes 1899. The first two counts allege the killing of certain animals owned by the plaintiff which had strayed upon the defendant's track because of its failure to construct and maintain sufficient fences and cattle-guards as required by the statute. The killing of the animals occurred on different days, and therefore the separate counts contained in the petition. So much of the first count as is material is as follows:

"That said sow at said date strayed and went in and upon the right of way occupied by the road of the defendant, at a point in LaFont township, county and State as aforesaid, where the defendant was by law required to erect and maintain lawful fences along the sides of its said road, and to construct sufficient cattle-guards, and not at a public road crossing, nor within the switch limits of any station, nor within the limits of an incorporated town or village; and where the said road of the defendant passes through, along or adjoining inclosed and cultivated lands and fields, or uninclosed lands; at and in the township, county and State first mentioned as aforesaid.

"That said sow strayed and went in and upon the track and grounds occupied by the railroad of the defendant, by reason of the failure and neglect of the defendant to erect and maintain lawful fences along the sides of its said railroad, and its failure to construct sufficient cattle-guards where the said sow entered upon the same, as aforesaid."

Thereafter follow allegations of collision by the locomotive and cars of defendant with the animal and a prayer for damages to cover the loss sustained, etc. The second count is substantially the same in this respect.

The first point made on the appeal is that inasmuch

as the statute is in its nature penal, the petition should set out and define what is a lawful fence, to comport with the rule requiring strict procedure thereunder. It will be observed that the petition substantially follows and brings the case strictly within the provisions of the section of the statute referred to, by reciting every duty imposed on defendant thereby and the several elements of neglect on its part thereabout, and it is sufficient under the numerous decisions of both the appellate and the Supreme Courts. [Summers v. Railway, 29 Mo. App. 41; Duncan v. Railway, 91 Mo. 67, 3 S. W. 835; Chubbuck v. Railway, 77 Mo. 591.] And this is true under a long line of cases that could be cited in which such petitions have been approved, notwithstanding the fact in none of them was there an allegation particularizing what constituted a lawful fence within the meaning of our law.

The third count recites in substance the plaintiff owned a crop of corn growing on land adjacent to the railroad; that defendant failed to maintain lawful fences along the sides of its right of way where its road passed along enclosed fields and that by reason of this neglect on the part of defendant, the animal escaped from the right of way through said defective fence upon plaintiff's field and destroyed his corn. The allegations contained in this count are sufficient in substance. They contain every element of liability against defendant for permitting the stock to escape from its right of way through the defective fence into the adjacent fields, which is a proper subject of action under the statute. [Kirkpatrick v. Railway, 120 Mo. App. 416, 96 S. W. 1036; Phillips v. Railway, 107 Mo. App. 203, 80 S. W. 926; Wilkerson v. Railway, 106 Mo. App. 336, 80 S. W. 308; Brannock v. Railway, 106 Mo. App. 379, 80 S. W. 699.] And this count is entirely sufficient, notwithstanding the fact that there is no allegation setting up the particulars of what is necessary to constitute a law-

ful fence within the meaning of another statute on fences and inclosures. The petition is sufficient and the assignment against it will be overruled.

2. The next point assigned for a reversal is that inasmuch as plaintiff failed to request any instructions on his part, the court declined to require him to do so and also declined to instruct the case from plaintiff's standpoint on its own motion even though requested *ore tenus* to do so by counsel representing defendant. This is the same point which has been ruled at this term in the case of Sowders v. Railroads, *ante,* p. 119, 104 S. W. 1122. What has been said thereon is sufficient. The assignment will be overruled. The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.