## LATTY v. THE B., C. R. & M. R'Y. Co.

1. **Railroads:** FENCE: DEPOT GROUNDS. Railroads are required to be fenced where it is fit, proper and suitable in view of the public convenience, and depot grounds may be unenclosed where the interest of the road and public require it. The duty to fence is not determined by its practicability.

2. ————: NEGLIGENCE: EVIDENCE. The failure to keep a watchman at a station passed without stopping, and a rate of speed of six miles or more per hour, are not negligence *per se*, though they may be evidence of negligence.

*Appeal from Des Moines District Court.*

### FRIDAY, APRIL 24.

ACTION to recover for damages sustained by plaintiff on account of an injury to a mule owned by him, inflicted by a train on defendant's road. The accident occurred at a flag station where there was a switch and side track. There was a verdict and judgment for plaintiff. Defendant appeals.

*Halls & Baldwin,* for appellant.

*M. D. & H. O. Browning* and *S. K. Tracy,* for appellee.

BECK, J.—A point of contest in the case at the trial was whether the place at which the accident occurred, resulting in 1. RAILROADS: fence: depot grounds. the injury to plaintiff's mule, was a station and whether the grounds about it were to be regarded as depot grounds. Evidence was introduced as to their use and the business there transacted, which need not be stated. It was shown that the train causing the injury complained of passed the place without stopping, and that no guards or watchmen were there at the time.

I. The following instruction was given the jury: "If the injury complained of in this suit happened at a regular station on the line of defendant's railroad, and at a point where, on account of its being used or intended to be used as a regular station, it is impracticable for the company to erect and maintain fences on each side of its line of road at this point,

then plaintiff is not entitled to recover damages in this suit by simply proving the injury and the fact that the road at this point is not fenced." The duty of defendant to fence its road at a depot or upon its station grounds, is made to depend, by this instruction as well as another given to the jury, upon the practicability of doing so. The rule adopted by this court is that railroads are required to be fenced when it is fit, proper and suitable in view of the public convenience to so enclose them, and that depot or station grounds, when the business of the road and the interest of the public so require, may be left unenclosed. *Davis v. B. & M. R. Co.*, 26 Iowa, 550; *Smith v. C. R. I. & P. R. Co.*, 34 Iowa, 506. In our opinion the foregoing instruction is in conflict with this rule. It does not contemplate the demands of public convenience, but requires the road to be closed unless it be impracticable, that is impossible, with the use of the means at the command of defendant. It may have been entirely practicable for the defendant to have fenced its road, yet it may have been relieved of the duty out of regard to the interest of the public. The defect in the instruction will be seen without further discussion.

II. The jury were directed in effect that when stations are passed by trains without stopping, switchmen or others should be on the grounds for the purpose of giving proper notice of danger and of preventing injury to persons or property, and when this is not done and a train is run by a station at a rate of speed of six miles or more per hour, the company is guilty of negligence. By this instruction the failure to keep watchmen at a station which a train passes without stopping, and a rate of speed of six miles or more per hour, in law amounts to negligence, rendering defendant liable for injury to property. That the matters contemplated in the instruction may be evidence of negligence, considered with other facts and circumstances, cannot be claimed, but *per se* they do not raise a legal presumption of want of care. In *Smith v. The C., R. I. & P. R. R. Co.*, 34 Iowa, 506, we ruled that railroads were under no obligation to keep guards or watchmen upon their depot grounds to prevent cattle entering

thereon. In this case a "lightning express" train running at its usual speed without stopping at the station, caused the injury to plaintiff's cattle, for which the action was brought. In *Plaster v. Ill. Cen. R. Co.*, 35 Iowa, 449, it is held that the speed of a train is not of itself evidence of negligence. The instruction under consideration is in conflict with the doctrines of these cases.

REVERSED.