U. O. PRICKETT v. THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY.

1. RAILROAD DEPOT GROUNDS, *When Not to be Fenced.* Public necessity requires that railroad depots and so much of the adjoining grounds and side tracks as are reasonably necessary for the business of the public with the railroad company at the depot should be free of access and unobstructed by fences or cattle-guards; and where fences or cattle-guards would interfere with the public convenience, or would hinder or prevent the railroad company from properly serving the public, the statute requiring the fencing of railroads will, to that extent, be inapplicable.

2. ———— *Road, When to be Fenced.* But no private interest, convenience or inconvenience on the part of the railroad company will alone be sufficient to absolve it from fencing its road where the statute in express terms requires that the road shall be fenced. (*A. T. &. S. F. Rld. Co. v. Shaft,* ante, p. 521.)

3. UNFENCED ROAD; *Reasonable Care; Damages; Recovery.* Where stock running at large go upon the railroad track and are killed by a passing train at a point where the railroad company is not required to fence its road, the company is held to the exercise of reasonable care, and is liable for ordinary negligence. The mere fact that the plaintiff in this case permitted his cow to run at large does not constitute such negligence as will defeat a recovery.

*Error from Chase District Court.*

ACTION by *Prickett* against *The Railroad Company,* to recover the value of his cow, killed by defendant's freight train. Trial at the April Term, 1884, and judgment for defendant for costs against the plaintiff. He brings the case here. The facts are stated in the opinion.

*Madden Bros.*, for plaintiff in error.

*A. A. Hurd, C. N. Sterry,* and *Robert Dunlap,* for defend-ant in error; *George W. McCrary,* general counsel.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by U. O. Prickett to recover the value of his cow, which was killed by a passing freight train of the defendant, near to the railroad station at Elmdale. The cow was struck and killed not far from the end of the siding which is used in connection with the station, and is about 2,000 feet long. The plaintiff alleged that the cow was killed through the negligence of the defendant in op-erating its train, and also in failing to inclose its track with a lawful fence. The jury returned a verdict in favor of the railroad company, and the plaintiff is here alleging error.

The principal objection made, is against the charge of the court. The fifth instruction was as follows:

"If you should find from all the evidence in this case that the defendant had a station at Elmdale at the time this cow was killed, which was used by the public as a railroad station for receiving and sending away freight, and for getting on and off defendant's trains, and that it was necessary for defend-ant's business with the public that the defendant should have a side track at such station, and that it did have a side track and such station at said time, and that this side track at such station was crossed by one or more public roads which the pub-lic traveled over; and if you should further find that such side track was not longer than it was necessary for it to be on ac-count of the business transacted at said station by the defend-ant; and if you should further find that no portion of said side track could be inclosed by a fence without cattle-guards being built across such side track; and if you should further find that owing to the character of the business done at said station by the defendant on such side track, that cattle-guards could not be built across any part of such side track without en-dangering the lives or limbs of such of defendant's employés as might from time to time be required to use such side track in the operation of defendant's trains and cars thereon, then and in such case you are instructed that defendant was not re-

quired to inclose said side track or any portion of it with a fence, even although such side track might occupy in length a greater strip of land than would be reasonably necessary for the use of the defendant as station grounds. And you are further instructed, that in such case if the plaintiff's cow was killed at such station within the limits occupied by such side track, that then and in such case the plaintiff cannot recover in this action because of any failure of the defendant to inclose such side track with a lawful fence."

The exemption stated in the latter part of the instruction, relieving the railroad company from fencing the track, is too broad, and cannot be upheld. The statute imposing upon railroad companies the duty of fencing their tracks in terms contains no exceptions. There is therefore no exemption from the duty imposed by the terms of the statute except such as may arise by implication from public necessity or the superior obligation of the railroad company to the public under other statutes. (*Railroad Co. v. Jones*, 20 Kas. 527; *U. P. Rly. Co. v. Dyche*, 28 id. 202; *A. T. & S. F. Rld. Co. v. Shaft*, ante, p. 521; same case, 6 Pac. Rep. 908.)

In the latter case Mr. Justice VALENTINE stated the rule under the authorities to be:

"That railroads are not absolved from complying with the express terms of the statute requiring them to inclose their roads with good and lawful fences, except where some paramount interest of the public intervenes, or some paramount obligation or duty to the public rests upon the railroad companies, rendering it improper for them to fence their roads."

It has accordingly been held by most of the courts where the question has been raised, that public necessity requires that depots or stations should be unfenced. It would seem, too, that so much of the grounds and side tracks connected with the depot as is reasonably necessary for the business of the public with the railroad company at the station should be free of access, and unobstructed by fences or cattle-guards. And therefore where fences and cattle-guards would interfere with the public convenience, or would hinder or prevent the railroad company from properly serving the public, the statute requir-

ing the fencing of railroads will to that extent be inapplicable. (See the numerous cases cited upon this point in the case of *A. T. & S. F. Rld. Co. v. Shaft*, supra.)    But in the instruction quoted, the judge of the district court did not limit the exemption to public necessity or convenience.    His decision would relieve the company from fencing the track where the fences would interfere with the interest or convenience of the company.    And it further implies that a greater quantity of land than is necessary in the transaction of its business with the public may be left unfenced.    This ruling is in conflict with the views herein expressed, and with the decision of the court in the case of the *A. T. & S. F. Rld. Co. v. Shaft*, supra, and must be held erroneous.

Another objection is made by the plaintiff, to that part of the charge of the court in which the jury were instructed that if the cow went upon the track and was killed at a point where the railroad track is not required to be fenced, they could not find for the plaintiff unless there was gross negligence on the part of the defendant or its employés which resulted in the killing of the cow.    This was error.    It was true the plaintiff in this case permitted his cow to run at large, but under the circumstances stated, and within the decisions of this court, the railroad company is held to the exercise of reasonable care, and is liable for ordinary negligence; and the mere fact that the plaintiff permitted his stock to run at large does not constitute such negligence as will defeat a recovery. (*A. T. & S. F. Rld. Co. v. Shaft*, supra; *Mo. Pac. Rly. Co. v. Wilson*, 28 Kas. 637; *St. J. & D. C. Rld. Co. v. Grover*, 11 id. 302; *Smith v. C. R. I. & P. Rld. Co.*, 34 Iowa, 506; *Davis v. B. & M. Rld. Co.*, 26 id. 549; *Flint & P. M. Rly. Co. v. Lull*, 28 Mich. 511; *Ewing v. C. & A. Rld. Co.*, 72 Ill. 25; *Bellefontaine Rly. Co. v. Reed*, 33 Ind. 476; *Kerwhacker v. C. C. & C. Rld. Co.*, 3 Ohio St. 172; *Cressly v. Northern R. Corp.*, 15 Am. & Eng. Rld. Cases, 540, and note, 544.)

No reversible error is seen in the rulings of the court upon the admission of testimony; but on account of the errors pointed

out, the judgment of the district court must be reversed, and the cause remanded for a new trial.

All the Justices concurring.