JOHN W. CORCORAN, Appellant, v. THE WABASH RAILROAD COMPANY, a Corporation, Respondent.

Kansas City Court of Appeals, November 1, 1909.

1. RAILROADS: Damages: Live Stock: Fences.   In an action to recover damages to live stock caused by the failure to fence the right of way, liability therefor is to be determined by such failure at the point where the stock entered the right of way; and, in the absence of other proof, the place on the track, where the animals were killed, will be taken as marking the point of entry on the right of way.

2. ————: Failure to Fence.   No liability attaches to a railroad company for failure to put a cattle guard in a place where to do so would endanger the lives or limbs of its employees.

3. RAILROADS. Railroads are not required to fence tracks on one side at a place where it is impracticable to enclose the tracks.   Such a requirement, if enforced, would create traps to catch and hold straying animals and put them in the way of passing trains, instead of affording protection.

Appeal from Nodaway Circuit Court.—*Hon. W. C. Ellison,* Judge.

AFFIRMED.

*B. L. Growney* and *T. A. Cummins* for appellant.

"That the petition is insufficient to support a judgment." Such an objection can only be interposed at the trial, where the petition fails altogether to state any cause of action and not to the case where a cause of action. is defectively stated. Clem v. Railroad, 74 Mo. 298; Crane v. Railroad, 78 Mo. 588; Bank v. Leyser, 116 Mo. 51; Hurst v. Ash Grove, 96 Mo. 173. It is the doctrine of this court that it is sufficient to aver that defendant omitted to perform some act in the line of its duty, the non-performance of which caused the injury. Mack v. Railroad, 77 Mo. 232; Chubbuck v. Railroad, 77 Mo. 591; Vancleve v. St. Louis, 159 Mo. 579; Gale v. Car & T. Co., 177 Mo. 449. The action may not be under either section of statute, but plaintiff may recover at common law if he show the negligent act of defendant, was the proximate cause of the injury. Wasin v. McCook, 83 Mo. App. 483. It is well-settled law that the point at which the animal enters upon the right of way determines the liability of the railroad and not the place where the stock is killed. Pearson v. Railroad, 33 Mo. App. 543; Hurd v. Chappell, 91 Mo. App. 317; Acord v. Railroad, 113 Mo. App. 93.

*James L. Minnis* and *Shinabarger, Blagg & Ellison* for respondent.

Petition does not allege a failure to enclose tracks. The petition is insufficient to support a judgment under either section 1105, Revised Statutes 1899 (the double damage act), or under section 2867, Revised Statutes 1899 (the single damage act), for the reason that it does. not state that the railroad company failed to en-

close its track with a lawful fence, but, on the contrary, affirmatively alleges a failure to fence a one hundred and fifty by two hundred foot strip of land entirely on the north side of the track, which, if fenced, would still leave the track as exposed as before. This is fatal as sections 1105 and 2867 both contemplate that the railroad track be enclosed with a lawful fence. R. S. 1899, secs. 1105, 2867; Bridges v. Railroad, 132 Mo. App. 579; Acord v. Railroad, 113 Mo. App. 96. Petition does not charge that road ran through, along or adjoining enclosed or cultivated fields or unenclosed lands. The petition is also insufficient to sustain a judgment under section 1105 because it neither alleges substantially in the language of the statute, that the road, at and without endangering the lives and limbs of its employees in the discharge of their duties about the track, etc. Acord v. Railroad, 113 Mo. App. 95; Smith v. Railroad, 111 Mo. App. 414; Bridges v. Railroad, 132 Mo. App. 579. If the point at which it is complained that the railroad company failed to fence, be outside of an incorporated or platted town, then the railroad company is either legally bound to fence by section 1105, or is absolutely forbidden to fence by the necessities of traffic or the safety of its employees. There is no opportunity for exercising an option in such circumstances. Duncan v. Railroad, 111 Mo. App. 199; Morris v. Railroad, 58 Mo. 78.

JOHNSON, J.—A stallion and two fillies owned by plaintiff strayed to defendant's railroad track at a point near the incorporated town of Clyde and were killed by a passing train. Plaintiff brought this suit to recover single damages for the killing of the animals. The cause was tried to a jury resulting in a verdict and judgment for plaintiff. Afterward the court sustained defendant's motion for a new trial on the grounds: First. That the petition is insufficient to sustain a judgment. Second. That while there was

evidence tending to prove the recitals of alleged facts in plaintiff's instructions numbered one, two and three, each of said instructions erroneously declare the law applicable to the alleged facts therein recited." Dissatisfied with this ruling, plaintiff brought the case here by appeal. The evidence is not in the record before us and the facts we must consider in the determination of the questions of law argued in the briefs are to be gleaned from the petition and the instructions mentioned in the order granting a new trial.

The petition is as follows: Plaintiff for his second cause of action states that on May 13, 1906, defendant was and now is a corporation running and operating a railroad through Nodaway county, State of Missouri, and by and through a station designated Clyde on its said railroad in said county; that adjoining its depot grounds at said station to the west thereof and on the north side of its track or roadbed, defendant maintained a scope of right of way one hundred and fifty feet by two hundred feet, unused by defendant and unfenced, forming a pocket or cul-de-sac, and at date herein complained of, was overgrown with succulent grasses, inviting to live stock, to graze thereon. That on said date, in said county, in close proximity to said station of Clyde, plaintiff was the owner of certain live stock, to-wit: One iron gray stallion, two years old, two more colts one year old, commonly called "fillies," said stallion of the value of three hundred dollars and said fillies of the value of one hundred dollars each.

That on said date said stallion and fillies strayed and went in and upon the right of way grounds and railroad track of defendant, at a point immediately west of said station on the one hundred and fifty by two hundred feet of unfenced right of way described aforesaid, and from thence on to the unfenced track of defendant at said point and place, and were struck by a locomotive and train of cars, then and there run and operated by defendant, killing one of said fillies

outright and so injuring and maiming the said stallion that he died soon thereafter, and did cripple and injure the other filly so as to render her wholly worthless and valueless to plaintiff. And that defendant might have fenced and should have fenced the space of right of way aforesaid so as to prevent horses and other live stock from going thereon, but had negligently failed to do so. That said portion of said right of way and track was not within the limits of any incorporated or platted town or village and not within necessary switch limits. That wholly by reason of said right of way being unfenced, said stock (stallion and fillies) did go thereon, and from thence on to the track of defendant, and were injured and killed as aforesaid to plaintiff's damage in the value of the animals aforesaid, to-wit, the sum of five hundred dollars.

Wherefore he prays judgment for said sum of five hundred dollars and costs of suit therefor."

The three instructions given at the request of plaintiff and afterward pronounced to be erroneous in the order granting a new trial are as follows:

"1. The court instructs the jury that, though you may believe from the evidence that plaintiff's horses were killed or injured within the switch limits of defendant's station of Clyde and that said switch limits were not in excess of such reasonable length as to enable defendant to conveniently carry on its business at said station, yet you are instructed that, beyond the necessary station or depot grounds at said station, the defendant was required to fence its right of way on the sides of its lines of track so near to its line of track as not to interfere with its employees or endanger their safety in making switches and handling its trains, provided same is outside of the corporate limits of said station and not intersected by any platted streets or public crossing; and if you find from the evidence that, beyond the limits of reasonably necessary depot or station ground at said station, and outside of the cor-

porate line or limit, there extended a strip of right of way about one hundred and fifty feet wide parallel with said track on the north side thereof to the west switch limit or cattle-guard a distance of about two hundred feet and that the same including the track was unfenced and open, and said strip was not reasonably necessary for use in connection with its switch limits as aforesaid, and that said strip of right of way formed an inviting pasturage for stock on May 13, 1906, and that plaintiff's horses entered on such unfenced right of way at said date and from thence onto defendant's track, and were killed and injured, you will find for plaintiff and assess his damages at the value of the animals killed or injured, as you may believe from the evidence they were reasonably worth at the time, the ones killed at their reasonable value, and the one injured to the extent of the injury, not to exceed $300 for the stallion and $100 for the filly killed, and not to exceed $50 for the filly injured, not to exceed the total value of $450.

2. The court instructs the jury that defendant is not required to fence its track within reasonable switch limits at a station on its line of railroad, or to fence its right of way so close to said tracks as to endanger the safety of its employees in handling its trains and transacting the lawful business of the company at a station; but is not permitted to leave open right of way ground on the sides of its track that are unused and unnecessary for the purposes aforesaid, and if you find from the evidence in this case that defendant did leave unfenced right of way ground at the point complained of, that was not used or necessary for the purposes aforesaid and that solely by reason of such unfenced right of way grounds, plaintiff's horses strayed or entered thereon and from thence onto defendant's track and were killed or injured, you will find for plaintiff in such sum as you may find from the evidence to be the value of such horses as were killed and any

injured to the extent of the injury, not to exceed the total value of $450.

3. The court instructs the jury that defendant is not permitted to leave more unfenced track and right of way at its station than is reasonably necessary for depot and station ground for the convenient transaction of business between the public and said railroad, in the reception and discharge of freight and passengers at said point and not more unfenced right of way and track for switch limits than is reasonably necessary for unimpeded use by its employees in making switches and handling its trains, and if you find from the evidence that defendant left more ground at said station outside of that used or needed for the purposes aforesaid, and outside of the corporate limits of said town, and that solely by reason of such unfenced ground and track plaintiff's horses strayed or entered thereon and were killed and injured by an engine or train of defendant operated thereon by defendant, you will find for plaintiff and assess his damages at the value of the animals killed, as you may find from the evidence, and damage to any animal injured to the extent of such injury, not to exceed the total value of $450."

From the facts stated in the petition and submitted in the instructions as well as from the statements in the briefs of counsel, we assume that the subjoined plat copied from the brief of defendant's counsel correctly represents the locality in question.

The material facts collected from the sources of information to which we have referred thus may be stated: The railroad runs in an easterly and westerly direction through Clyde, an incorporated town. A station, station grounds, and switch tracks are maintained in the limits of the town, but the western apex of the switch tracks is about two hundred feet west of the limits and is in rural territory. Immediately west of the switch apex is a cattle-guard and wing fences and from thence west, the track is enclosed. East of the cattle-guard, the track is not enclosed. Defendant owns a square of land just north of its track and west of the corporation line. This track is two hundred feet east and west by one hundred and fifty feet north and south. Defendant extended its wing fence to the northwest corner of this square to a junction with a fence from that point east to the corporation line. No fence is on the eastern or southern boundary lines. It is alleged that the animals of plaintiff strayed into the pocket thus formed, attracted by the grass and vegetation and no barrier being interposed, went on to the railroad track and were killed.

It will be observed that the gravaman of the cause of action pleaded in the petition and submitted in the instructions is not the failure of the defendant to enclose its track "where the same passes through, along or adjoining enclosed or cultivated fields or unenclosed lands" but consists entirely of the omission of defendant to enclose a tract of land it owned on one side of the track. Under the theory of the cause of action asserted, it may have been impracticable and, therefore, not required of defendant to place the eastern end of its track enclosure at the point where the town limit bisects the railroad tracks instead of placing it at a point two hundred feet west of that line, and still defendant would be required by law to enclose its land on the north side of the track which intervened between the corporation line and the nearest practicable point

for the enclosure of the track. We regard this theory as being without support either in the statute or common law. Where, as in the case before us, the place where the stock entered the right of way is in rural territory, the cause of action to be maintainable (sections 1105 and 2867, Revised Statutes 1899), must be bottomed on the omission of the defendant to enclose its track at a place where the law contemplates it should be enclosed. Now an enclosure necessarily consists of lawful fences on each side of the track and of lawful wing fences and cattle-guards at the ends of the enclosure. There cannot be an enclosure if only one side of the track be fenced and manifestly the Legislature in the statute dealing with the subject had no thought of requiring a fence to be built on one side of the track at places where it was impracticable to enclose the track. Such a practice, instead of affording protection to trains and live stock, would lay traps to catch and hold straying animals and put them in the way of passing trains. The law recognizes no such cause of action as that pleaded in the petition and submitted in the instructions and the action of the learned trial judge in granting a new trial on the grounds stated was proper.

Notwithstanding the petition fails, as we have shown, to state a cause of action, we think it may be amended to state a good cause predicated on the absence of an enclosure where the track should have been enclosed. Though it appears from the facts before us that the switch tracks extended no further into rural territory than was necessary to the proper transaction of defendant's business at Clyde, the proof adduced by plaintiff might present that question as one of fact for the jury to solve. And should it develop as a matter of law that the switch tracks as maintained were proper and necessary, the further issue might be raised by evidence that the east end of the track enclosure could have been placed as far east as the corporation line

138 App.—27

without endangering the lives and safety of train opera-
tives. Such issue is to be treated as one of law for
the court or as one of fact for the jury by the applica-
tion of the following rules. It is the point at which
the stock enters the right of way that determines the
liability or non-liability in such cases. [Kirkpatrick v.
Railroad, 120 Mo. App. 416; Snider v. Railway, 73 Mo.
465; Accord v. Railway, 113 Mo. App. 84.] And in the
absence of other proof the place on the track where
the animals were killed will be taken as marking the
point of entry on the right of way.

No liability attaches to a railroad company for
failure to put a cattle-guard in a place where to do so
would endanger the lives or limbs of its employees.
[Gilpin v. Railway, 197 Mo. 319; Bridges v. Railway,
132 Mo. App. 576; Edie v. Railroad, 133 Mo. App. 9.]

The issue of whether a cattle-guard placed at a
given point outside the limits of a town but near a
station would be a menace to the safety of train opera-
tives in performing necessary work in the operation
of trains and cars, etc., at the station is one of law
for the court in cases where but one inference may be
drawn from the evidence, but "where essential facts are
in dispute or where the inference to be drawn from
conceded facts might be a subject of difference among
reasonable minds, the question of whether a necessity
did exist for the tracks to be uninclosed at the point
in controversy should be sent to the jury as an issue
of fact." [Edie v. Railroad, supra.]

It follows from what we have said that the judg-
ment must be affirmed.

All concur.